OPINION
PER CURIAM.
Appellant Norman Cadmus appeals from an order of the District Court dismissing his complaint. For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.
I.
In July 2008, Cadmus, a pro se prisoner, filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants George W. Bush and The United States of America.[1] In his complaint, Cadmus challenged the constitutionality of the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), Pub.L. No. 104-132, 110 Stat. 1214. Specifically, he alleged that its prescribed one-year statute of limitations for filing a federal habeas challenge to a state court conviction improperly overlaps with Pennsylvania’s one-year statute of limitations for filing a petition under its Post-Conviction Relief Act (“PCRA”), 42 Pa. Cons.Stat. Ann. § 9541 et seq. (2009). Cadmus claimed that this overlapping violates his rights under the First, Fifth, and Fourteenth Amendments.
The District Court dismissed Cadmus’ complaint as to both defendants and Cad-mus filed a timely appeal.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court’s sua sponte dismissal of Cadmus’ complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000). We may affirm the District Court on any basis supported by the record. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n. 15 (3d Cir.1985).
Cadmus’ complaint was properly dismissed. In March 2008, Cadmus filed a habeas petition pursuant to 28 U.S.C. § 2254 in the District Court which remains pending, see Cadmus v. Warden, SCI Coal Twp., Civ. No. 08-cv-473. Cadmus does not allege that he has been precluded from seeking federal habeas relief and the District Court has yet to consider how the *560 limitations period under AEDPA applies to his case. Accordingly, he has suffered no actual injury under the statute for which he may seek redress at this time. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir.2006).
Furthermore, Cadmus provides no authority supporting his claim that AEDPA is unconstitutional as a result of its alleged “overlapping” with the PCRA. In fact, as the District Court pointed out, the limitations period under AEDPA has survived numerous constitutional challenges. See Green v. White, 223 F.3d 1001, 1003-04 (9th Cir.2000); Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir.1998); Tinker v. Moore, 255 F.3d 1331, 1334 (11th Cir. 2001). Should Cadmus wish to further challenge the constitutionality of AEDPA as it applies to his case, he should do so in the context of his pending habeas action.
As Cadmus’ appeal presents no substantial question, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6.

. The District Court construed Cadmus’ claim against former President Bush as one properly raised under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).